IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GOODE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL NUTTER, et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 13-3682 |

**OPINION**

Slomsky, J.                                                                                              August 28, 2017

## I.    INTRODUCTION

Plaintiff Ronald Goode, proceeding pro se, brings this suit against Defendant Lieutenant James Hamilton for alleged violations of his constitutional rights stemming from his incarceration at Curran-Frumhold Correctional Facility ("CFCF") in Philadelphia, Pennsylvania.[1] Defendant Hamilton has filed a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. (Doc. No. 93.) This Motion is presently before the Court for a decision.

---

[1] Plaintiff originally instituted this action against Former Mayor Michael Nutter, Former Warden Michele Farrell, Former Commissioner Louis Giorla, and Correctional Officer Thomas. (Doc. No. 3.) On October 23, 2013, Defendants Giorla, Nutter, and Farrell were terminated by order of the Court. (Doc. No. 26.) On November 4, 2013, Plaintiff filed a Motion for Leave to File an Amended Complaint naming "PA Patel" and Captain Beaufort as additional plaintiffs and Thomas was terminated as a defendant. (Doc. No. 27.) On November 7, 2013, the Motion for Leave to File an Amended Complaint was deemed a Second Amended Complaint, and Defendants Patel and Beaufort were added by order of the Court. (Doc. No. 28.) On September 15, 2014, Plaintiff filed a Third Amended Complaint, correcting the name of "PA Patel" to Jean Pantal. (Doc. No. 41.) On June 30, 2015, Plaintiff filed a Fourth Amended Complaint, naming Lieutenant James Hamilton as an additional defendant. (Doc. No. 54.) On July 12, 2016, Defendants Beaufort, Doe, and Pantal were terminated. (Doc. No. 74.) The sole remaining defendant, therefore, is Lieutenant Hamilton.

1

## II. BACKGROUND

Plaintiff Ronald Goode alleges that he suffered federal civil rights violations by being placed in a segregated housing unit at CFCF. (Doc. No. 54.) The Fourth Amended Complaint alleges that Plaintiff was moved to the segregated housing unit after being assaulted by two inmates. (Id.) He contends that while in segregated housing, he did not receive proper medical treatment, was not permitted to attend religious services, and was not permitted to "exhaust[] … my courts [sic] administrative remedies." (Id.) According to Plaintiff, these deprivations violated of his right to procedural due process under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment, triggering civil liability under 42 U.S.C. § 1983. (Id.)

On June 28, 2013, Plaintiff, proceeding pro se, initiated this action against Defendants. (Doc. No. 3.) After a Fourth Amended Complaint ("FAC") was filed, Defendant Hamilton filed an Answer to the FAC. (Doc. Nos. 54, 56.) The parties proceeded to discovery. After discovery concluded, Defendant Hamilton filed the Motion for Summary Judgment.[2] (Doc. No. 93.)

## III. STANDARD OF REVIEW

Granting summary judgment is an extraordinary remedy. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reaching this decision, the court must determine whether "the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Favata v. Seidel, 511 F. App'x 155,

---

[2] In reaching a decision, the Court has considered the FAC (Doc. No. 54) and the Motion for Summary Judgment (Doc. No. 93.) The Court ordered Plaintiff to file a response to the Motion for Summary Judgment on or before August 14, 2017 (Doc. No. 95), but no response was filed.

2

158 (3d Cir. 2013) (quoting Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010) (quotation omitted)). A disputed issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). For a fact to be considered "material," it "must have the potential to alter the outcome of the case." Favata, 511 F. App'x at 158. Once the proponent of summary judgment "points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Id. (quoting Azur, 601 F.3d at 216 (internal quotation marks omitted)).

In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. (quoting Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009) (quotation omitted)). The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. Anderson, 477 U.S. at 247-49. Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the court must credit the non-moving party's evidence over that presented by the moving party. Id. at 255. If there is no factual issue, and if only one reasonable conclusion could arise from the record regarding the potential outcome under the governing law, summary judgment must be awarded in favor of the moving party. Id. at 250.

## IV. ANALYSIS

The FAC raises a claim against Lieutenant James Hamilton pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Doc. No. 54.) Plaintiff alleges that he was placed in the segregated housing unit at CFCF for a couple of weeks after he was assaulted by two inmates. (Id.). He alleges that

3

he was denied medical treatment, religious accommodations, and the ability to exhaust administrative remedies while in the segregated housing unit, which he contends amounted to a violation of his right to procedural due process under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment. (Id.)

Defendant Hamilton argues in the Motion for Summary Judgment that the Section 1983 claim should be dismissed for two reasons. (Doc. No. 93 at 3.) First, Defendant Hamilton argues that Plaintiff has failed to show that a constitutional violation occurred. (Id. at 5-6.) Second, Defendant Hamilton asserts that Plaintiff has failed to identify evidence showing Defendant Hamilton's personal involvement in the alleged wrongdoing. (Id. at 7-8.) For reasons that follow, this Court agrees with Defendant's arguments and will grant the Motion for Summary Judgment (Doc. No. 93).

### A. Plaintiff Has Not Produced Facts Showing an Underlying Violation of the Fourteenth Amendment or the Eighth Amendment

#### 1. Plaintiff Has Failed to Show a Fourteenth Amendment Violation

Plaintiff first contends that his right to procedural due process under the Fourteenth Amendment was violated. (Doc. No. 54 at 1.) Conversely, Defendant Hamilton argues that he is entitled to summary judgment because Plaintiff has failed to establish that he has suffered a deprivation of liberty, which is necessary to show that a procedural due process violation occurred. (Doc. No. 93 at 6.)

To state a Section 1983 claim, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Adkins, 487 U.S. 42, 48 (1988). The due process clause of the Fourteenth Amendment provides that a person shall not be deprived of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §

4

1. Thus, Fourteenth Amendment "procedural due process rights are triggered by a deprivation of a legally cognizable liberty interest." Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003). For an inmate, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Applying this test, the United States Supreme Court concluded that the prisoner in Sandin did not suffer a deprivation of a cognizable liberty interest to remain free of disciplinary detention or segregation when his thirty-day disciplinary detention, though punitive, did not present a dramatic departure from the basic conditions of his sentence. Id. at 485-86. In reaching this conclusion, the Supreme Court considered (1) the duration of the disciplinary confinement and (2) the conditions of that confinement in relation to other prison conditions. Id.; see also Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000).

Courts normally make this determination as a matter of law, "but if the facts concerning the conditions or duration of confinement are reasonably in dispute, the jury . . . must resolve those disputes and then apply the law of atypicality." Sealey v. Giltner, 197 F.3d 578 (2d Cir. 1999). Here, Plaintiff's Section 1983 claim based on the Fourteenth Amendment fails as a matter of law. There are also no factual disputes for a jury to decide.

Courts within the Third Circuit have routinely held that significantly longer periods of time spent in segregated housing than what Plaintiff alleges he endured—that is, "a couple weeks" (Doc. No. 54 at 2)—is not an undue hardship absent other conditions of the confinement that impose "atypical and significant hardship." Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) (holding that seven months in disciplinary custody was not a deprivation of a cognizable liberty interest); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (concluding that the

5

placement of a prisoner in administrative custody for a period of fifteen months did not impose an atypical and significant hardship which deprived the prisoner of a liberty interest and thus did not implicate the due process clause of the Fourteenth Amendment). While Plaintiff has alleged that he spent "a couple weeks" in segregated housing (Doc. No. 54 at 2), he has not alleged, nor has he pointed to evidence in the record of, any other conditions that imposed "atypical and significant hardship." Sandin, 515 U.S. at 484. Therefore, Plaintiff's claim that he was deprived of a liberty interest fails as a matter of law.

Plaintiff also has not set forth evidence showing a genuine dispute of material fact regarding an underlying violation of the Fourteenth Amendment. Although Plaintiff alleges in the FAC that he was placed in segregated housing for "a couple weeks" (Doc. No. 54 at 2) following an assault and previously asserted that "he was confined for 23 hours a day in a cell roughly 60 feet square" (Doc. No. 27 at 2), such allegations, without factual support from the record, are insufficient to survive a motion for summary judgment. See Liberty Lobby, 477 U.S. at 248 (holding that the nonmovant cannot defeat a motion for summary judgment by relying solely on the unsupported conclusory allegations contained in pleadings, but rather must go beyond the pleadings and affidavits and designate specific facts showing that there is a genuine issue for trial).

Viewed in the light most favorable to Plaintiff, he has not provided the Court with sufficient facts to create a genuine dispute of material fact as to a violation of the Fourteenth Amendment. There is no evidence that Plaintiff experienced anything more than normal conditions of confinement in segregated housing. Plaintiff has not pointed to evidence showing the exact duration of his time in segregated housing, nor has he identified evidence demonstrating that "the conditions of his confinement in disciplinary segregation were

6

significantly more restrictive than those imposed upon other inmates." Shoats, 213 F.3d at 144. He has not demonstrated that he was denied due process in the initial placement in segregated housing, in any review of his placement, or that he was subjected to an "atypical, significant deprivation . . . which . . . might conceivably create a liberty interest." Sandin, 515 U.S. at 474. Since Plaintiff has not stated an underlying Fourteenth Amendment violation for his Section 1983 claim, the Motion for Summary Judgment (Doc. No. 93) will be granted on this claim.

## 2. Plaintiff Has Failed to Show an Eighth Amendment Violation

Regarding Plaintiff's allegations of cruel and unusual punishment under the Eighth Amendment, the relevant inquiry is whether he has been deprived of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation omitted). The Third Circuit Court of Appeals has explained that "[t]his includes proving that the deprivation suffered was sufficiently serious, and that a prison official acted with deliberate indifference in subjecting him to that deprivation." Griffin, 112 F.3d at 706. This requires an allegation that he has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety." Id. "Under the law, segregated confinement, difficult as it may be to endure, does not itself constitute cruel and unusual punishment." Johnston v. Vaughn, No. 00-1844, 2000 WL 1694029, at *3 (E.D. Pa. Nov. 13, 2000).

Here, Plaintiff merely has alleged that placement in segregated housing amounted to cruel and unusual punishment because he was denied medical treatment and access to religious services. However, after discovery concluded, he presented no evidence to support this allegation. See Griffin, 112 F.3d at 706 (granting summary judgment where the plaintiff presented no evidence that he was denied basic human needs, such as food, clothing, shelter, sanitation, and personal safety); see also Johnston, 2000 WL 1694029, at *6 (granting summary judgment where there were "allegations of lack of medical care and treatment . . . but no

7

supporting evidence has been presented"); Gayle v. Harmon, 207 F. Supp. 3d 549, 554-56 (E.D. Pa. 2016) (granting summary judgment where plaintiff made allegations that placement in administrative segregation deprived him of access to religious services, but identified no evidence to support these allegations). Because Plaintiff has failed to raise a genuine issue of material fact as to whether his confinement constituted cruel and unusual punishment, summary judgment will be granted on Plaintiff's Section 1983 claim.

### B. Plaintiff Has Not Presented Evidence of Defendant Hamilton's Personal Involvement in the Alleged Wrongdoing

Defendant Hamilton argues that Plaintiff has failed to present evidence establishing that he had any personal involvement in placing Plaintiff in segregated housing at CFCF, in depriving him of medical treatment, in preventing him from attending religious services, or in disrupting his ability to exhaust administrative remedies. (Doc. No. 93.)

To establish a Section 1983 claim, a plaintiff must allege that a defendant had "personal involvement in the alleged wrongdoing." See Phelps v. Flowers, 514 F. App'x 100, 102 (3d Cir. 2013) (writing that "liability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual must have personal involvement in the alleged wrongdoing"); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (establishing that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. New Jersey Dept. of Corrs., 806 F.3d 210, 222 (3d Cir. 2015). A defendant's "knowledge must be actual, not constructive." Id. (citing Baker v. Monroe Twp., 50 F.3d 1186, 1194 (3d Cir. 1995)). Evidence supporting a Section 1983 claim may include the conduct, time, place, and

persons responsible for the alleged wrongdoing. Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980).

Plaintiff has merely made an allegation that Defendant Hamilton placed him "in [the] segregated housing unit for a couple weeks after Plaintiff was the victim to being assaulted by two inmates [sic]." (Doc. No. 54 at 2.) He has presented no evidence to support this allegation. He has failed to point to any evidence in the record demonstrating Defendant Hamilton's personal involvement in the decision to place Plaintiff in segregated housing or in the decision to keep him in segregated housing for "a couple weeks." (Id.) In addition, Plaintiff has not identified evidence showing Defendant Hamilton's involvement in preventing Plaintiff from receiving medical care or preventing Plaintiff from attending religious services. Nor has Plaintiff noted any evidence in the record showing that Defendant Hamilton was personally involved in disrupting Plaintiff's ability to exhaust "administrative remedies." (Id.) Because Plaintiff has failed to set forth specific facts creating a genuine issue of material fact as to Defendant Hamilton's personal involvement, the claim against Defendant Hamilton will be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendant Hamilton's Motion for Summary Judgment (Doc. No. 93) will be granted. An appropriate Order follows.